JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

19cv2298

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

19  2298

## I. (a) PLAINTIFFS
Khadeejah Edwards

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Khadeejah Edwards
52-14 Delancey Street    4py 6323690
Philadelphia PA 19143   484 632 8694

## DEFENDANTS
Sugarhouse HSP Gaming, L.P. d/b/a Sugarhouse Casino; Rush Street Gaming LLC, John Doe Companies 1-10 And Jane Does 1-10

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☒ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** / ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause: Contract Breach

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

MAY 28 2019

DATE: 5/28/19
SIGNATURE OF ATTORNEY OF RECORD: Khadeejah Edwards pro se

### FOR OFFICE USE ONLY
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19  2298

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **5214 Delancey Street Philadelphia PA 19143**

Address of Defendant: **1001 North Delaware Avenue, Philadelphia PA 19125**

Place of Accident, Incident or Transaction: **1001 North Delaware Avenue Philadelphia PA 19125**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [X]

I certify that, to my knowledge, the within case [ ] is [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **5/22/2019**    *Khadeejah Edwards pro se* — Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. [X] All other Diversity Cases
   *(Please specify):* **Negligence/Fraud/Contract Breach**

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Khadeejah Edwards**, counsel of record or pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

MAY 28 2019

DATE: **5/28/2019**    *Khadeejah Edwards Pro Se* — Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Khadeejah Edwards v. Sugarhouse HSP Gaming LP d/b/a Sugarhouse Casino; Rush Street Gaming LLC; John Doe 1-10 And Jane Doe 1-10 : CIVIL ACTION

NO. 19 2298

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

5/28/19    Khadeejah Edwards Pro Se    Khadeejah Edwards
**Date**    **~~Attorney-at-law~~ Pro Se**    **Attorney for**

484 632 3640
**Telephone**    **FAX Number**    **E-Mail Address**

(Civ. 660) 10/02

MAY 28 2019



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

KHADEEJAH EDWARDS

    Plaintiff,

v.

SUGARHOUSE HSP GAMING, L.P. d/b/a
SUGARHOUSE CASINO, RUSH STREET
GAMING, LLC; JOHN DOE COMPANIES 1-10
JOHN DOES 1-10; AND JANES DOES 1-10

    Defendants,

Case No.

19   2298

NOW Comes, Plaintiff, by and through the Undersigned, and hereby brings this Complaint against Defendants as follows:

## JURISDICTION AND VENUE

1. This diversity action is brought under 28 U.S.C. §1332. The matter is controversy exceeds $75,000.00 and all parties to this action are citizens of different States.

2. This Court has pendant Jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

3. Venue is proper under 28 U.S.C. §1391 in that Plaintiffs are residents of the County of Philadelphia, State of Pennsylvania and Defendant Sugarhouse HSP Gaming L.P. d/b/a Sugarhouse Casino has its principal business office located in the City of Philadelphia, County of Philadelphia, State of Pennsylvania.

1

## PARTIES

4. Plaintiff, Khadeejah Edwards is a resident of the City of Philadelphia, County of Philadelphia, State of Pennsylvania.

5. Defendant Sugarhouse HSP Gaming, L.P., d/b/a Sugarhouse Casino ("Sugarhouse") is a limited partnership organized and existing under the laws of the State of Delaware, and at all times had its business offices located at 1080 North Delaware Avenue, Philadelphia, PA 19125.

6. Sugarhouse is a casino entertainment development located at 1001 North Delaware Avenue, Philadelphia, PA 19125.

7. Defendant Sugarhouse was awarded a casino license on December 20, 2006 by the Pennsylvania Gaming Control Board.

8. Defendant Rush Street Gaming, LLC, ("Rush Street") located at 900 North Michigan Ave., Ste. 1600, Chicago, IL 60611, is the parent company of Sugarhouse.

9. Rush Street operates casino slot games and table games at casino properties in various communities including Chicago, IL, Pittsburgh, PA Schenectady, NY, and Philadelphia, PA.

10. Plaintiff, Khadeejah a frequent wagering customer at Sugarhouse, is a Rush Rewards and Patron Account Member, account number 5611142574. From May 2017 to January 01, 2018, Plaintiff suffered wagering losses in the amount of $87,935.00.

## BACKGROUND

11. On July 26, 2018, the Pennsylvania Gaming Control Board penalized Sugarhouse Casino with a fine of $100,000.00 for dealing cards to patrons using "illegitimate" decks, or with

2

malfunctioning automatic shufflers, over a period of time from May 2017 to January 2018.

12. In hearings before the Pennsylvania Gaming Control Board, Bureau of Casino Compliance, Sugarhouse admitted that in a series of occurrence, employees failed to properly address warning lights on automated shufflers used at the blackjack, poker, and mini-baccarat tables in seven incidents between May 2017 and January 2018.

13. Plaintiff, Khadeejah Edwards was a guest at Sugarhouse on various occasions during this period of time.

14. Specifically, table dealers used decks of cards that contained too many cards, too few cards, or in one poker tournament, cards sorted into sequential order, rather that randomly shuffled.

15. As a result of these occurrence, two casino supervisors were terminated, but one was reinstated.

16. By way of example, in May 28, 2017, a casino employee found 16 cards remaining in an automatic shuffler that had been removed from service.

17. When investigators retraced the cards, they found the cards were missing from six decks that were used in 46 rounds of blackjack the previous day, involving 122 individual hands.

18. On that date, only one out of eight players who were dealt hands from the short deck won.

19. Sugarhouse personnel did not provide the players with any form of reimbursement.

20. On September 03, 2017, a card shuffler malfunctioned on a blackjack table.

3

21. On September 23, 2017, during a poker tournament, a dealer mistakenly set the automatic shuffler not to randomly shuffle the cards, but to sort them by suit in sequence.

22. The dealer dealt sixteen poker hands before noticing the cards were suited and in sequential order.

23. Once again, Sugarhouse did not provide the players with any form of reimbursement on either occasion.

24. Similarly, based on events from December 09, 2017, January 22, 2018 and January 24, 2018, Sugarhouse admitted to additional infractions including illegitimate decks and/or malfunctioning shufflers.

25. As a result of these infractions, Sugarhouse entered into a consent agreement with the Pennsylvania Gaming Control Board, Bureau of Casino Compliance, on July 26, 2018 and agreed to pay fines in the amount of $87, 500.00.

26. A separate violation within this time frame involved Sugarhouse dealers deploying decks containing too many cards in a game of Spanish 21, a blackjack game in which 10s were normally removed from play.

27. Casino employees noticed the 10s had not been removed from several decks only after 27 hands had been dealt, including 18 hands that contained 10s.

28. Based on those events, Sugarhouse once again enter into a consent agreement with the Pennsylvania Gaming Control Board, Bureau of Casino Compliance, and agreed to pay fines in the amount of $12,500.00.

## **FIRST CLAIM FOR RELIEF**

## **NEGLIGENCE**
## **DEFENDANTS SUGARHOUSE AND RUSH STREET**

29. Plaintiff Khadeejah, repeat the allegations contained in paragraphs 1 through 27 of the Complaint as if fully set forth herein.

30. Defendants had a duty to exercise reasonable care, skill and diligence, in operating table games at Sugarhouse for its customers/patrons and to make sure that its card decks were properly stocked, sorted and/or counted and that its card shufflers were properly functioning.

31. Defendants had a duty to exercise reasonable care and diligence, in operating table games at Sugarhouse for its customers/patrons and to make sure that *all card decks are randomly intermixed.*

32. On numerous occasions, Defendant breached this duty by supplying its table games with Illegitimate decks, i.e., decks that had either too many cards, too few cards, or containing certain playing cards that did not belong with the decks in certain games, or tables with malfunctioning card sorters.

33. Plaintiff Khadeejah was a patrons of Sugarhouse from May 2017 to January 01, 2018, the period during which Sugarhouse admitted to various violations under a consent agreement with the Pennsylvania Gaming Control Board, dated July 26, 2018.

34. As a result of Defendant's conduct, Plaintiff Khadeejah have been damaged and have sustained damages.

5

WHEREFORE, the Plaintiff Khadeejah is entitled to damages, both compensatory and punitive, costs of suit, and attorney's fees.

## **SECOND CLAIM FOR RELIEF**

## **BREACH OF CONTRACT**
## **DEFENDANTS SUGARHOUSE AND RUSH STREET**

35. Plaintiff Khadeejah repeat allegation set forth Paragraphs 1 through 33 of the Complaint as set forth fully herein.

36. As a paying patrons of Sugarhouse, there was an implied contract between Defendants and their customers of fair play, and for Defendants to provide an honest wagering environment to their customers at the casino.

37. Nevertheless, among other actions, Defendants supplied the table games, including those participated in by Plaintiff, Khadeejah with illegitimate decks, i.e., decks that had either too many cards, too few cards, or improper denomination of cards included in the game, and/or malfunctioning and sorters.

38. By providing illegitimate decks and/or malfunctioning card sorters, the Defendants breached their duty of providing Plaintiff Khadeejah, and other patrons of Sugarhouse with both a fair wagering environment and a level playing field for wagering.

39. As a result of Defendants failing to provide Plaintiff Khadeejah and other patrons with a level/fair playing field, Plaintiff, Khadeejah was damaged and suffered significant monetary losses.

WHEREFORE, Plaintiff Khadeejah is entitled to damages against Defendants, both punitive and compensatory, costs of suit, and attorney's fees.

## THIRD CLAIM FOR RELIEF

## UNJUST ENRICHEMENT
## DEFENDANTS SUGARHOUSE AND RUSH STREET

40. Plaintiff Khadeejah repeats the allegations set forth in Paragraph 1 through 39 of the Complaint as if fully set forth herein.

41. As a result of the conduct described above, Defendants Sugarhouse and Rush Street have been unjustly enriched at the expense of Plaintiff Khadeejah.

42. Defendants Sugarhouse and Rush Street should be required to disgorge all monies and gains which they have obtained at the expense of Plaintiff Khadeejah for the period from May 2017 through January 2018.

WHEREFORE, Plaintiff Khadeejah is entitled to damages against Defendants, both punitive and compensatory, costs of suit, and attorney's fees.

## FOURTH CLAIM FOR RELIEF

## BREACH OF GOOD FAITH AND FAIR DEALING
## DEFENDANTS SUGARHOUSE AND RUSH STREET

43. Plaintiff Khadeejah repeat the allegations set forth in Paragraphs 1 through 41 of the Complaint as if set forth fully herein.

44. Defendants in operating a casino had a duty to treat Plaintiff Khadeejah and other patrons fairly and had a duty of good faith and fair dealing towards them.

45. Nevertheless, among other actions, Defendants supplied the table games, including those participated in by Plaintiffs Khadeejah with illegitimate decks, i.e., decks that had either too many cards, too few cards, or the improper denomination of cards included in the game, and/or malfunctioning card sorters,

46. In providing illegitimate decks and/or non-functioning sorters, Defendants failed to act in good faith and deal fairly with their customers.

47. Plaintiff Khadeejah have been damaged, specifically in the form of significant monetary damages, when Defendants acting in bad faith and not dealing fairly with them.
WHEREFORE, Plaintiff Khadeejah is entitled to damages against Defendants, both punitive and compensatory, cost of suit, and attorney's fees.

## **FIFTH CLAIM FOR RELIEF**

## **FRAUD**
## **ALL DEFENDANTS**

48. Plaintiff Khadeejah repeat the allegations set forth in Paragraphs 1 through 46 of the Complaint as if set forth fully herein.

49. Defendants represented to the public that in operating the Sugarhouse casino under the Pennsylvania Gaming Control Act, Defendants supplied Plaintiff Khadeejah and other patrons with an honest and fair wagering environment.

50. Defendants continued to take wages, despite knowledge of illegitimate decks and/or malfunctioning card sorters.

51. In fact, Plaintiff relied on Defendants' false representation when they placed wagering bets at Sugarhouse on numerous occasions between the period from May 2017 to January 01, 2018.

52. Defendant failed to provide Plaintiff with an honest and fair wagering environment at Sugarhouse when they supplied the table games, including those participated in by Plaintiff, with illegitimate decks, i.e., decks that had either too many cards, or too few cards, or the improper denomination of cards included in the game, and/or malfunctioning card sorters.

53. As a result of the Defendants conduct, Plaintiff Khadeejah has been damaged and have suffered significant monetary losses.

WHEREFORE, Plaintiff Khadeejah is entitled to damages against Defendants, both punitive and compensatory, cost of suit, and attorney's fees.

## SIXTH CLAIM FOR RELIEF

## CONSPIRACY TO COMMIT FRAUD
## ALL DEFENDANTS

54. Plaintiff Khadeejah repeat the allegations set forth in Paragraphs 1 through 52 of the Complaint as if set forth fully herein.

55. Defendants Sugarhouse, Rush Street, John Doe Companies 1-10, John Does 1-10, and Jane Does 1-10 acted together and conspired to mislead the public that in operating the Sugarhouse casino under the Pennsylvania Gaming Control Act, Defendants supplied Plaintiff Khadeejah and other patrons with an honest and fair wagering environment.

56. Defendants continued to take wagers despite knowledge of illegitimate decks and/or malfunctioning card sorters.

57. In fact, Plaintiff Khadeejah relied on Defendants' false representation when they placed wagering bets at Sugarhouse on numerous occasions between the period from May 2017 to January 01, 2018.

58. Defendants failed to provide Plaintiff Khadeejah with an honest and fair wagering environment at Sugarhouse when they supplied the table games, including those participated in by Plaintiff, with illegitimate decks, i.e., decks that had either too many cards, too few cards, or the improper denomination of cards included in the game, and/or malfunctioning card sorters.

59. As a result of the Defendants conduct, Plaintiff Khadeejah have been damaged and have suffered significant monetary losses.

WHEREFORE, Plaintiff Khadeejah is entitled to damages against Defendants, both punitive and compensatory, costs of suit, and attorney's fees.

## JURY DEMAND

The Plaintiff demands trial by jury.

*Khadeejah Edwards, Pro Se*